## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

CJS INVESTORS, LLC and CARY J. SIEGEL,

    Plaintiffs,

vs.

Case No. 6:18-cv-374-Orl-31DCI

MATT BERKE and SSLS-FACTORING, LLC,

    Defendants.

_____/

## JOINT CASE MANAGEMENT REPORT

The parties have agreed on the following dates and discovery plan pursuant to Fed.R.Civ.P. 26(f) and Local Rule 3.05(c):

| DEADLINE OR EVENT | AGREED DATE |
|---|---|
| **Mandatory Initial Disclosures (pursuant to Fed.R.Civ.P. 26(a)(1))** | September 10, 2018 |
| **Certificate of Interested Persons and Corporate Disclosure Statement** | Completed |
| **Motions to Add Parties or Amend Pleadings** | December 1, 2018 |
| **Disclosure of Expert Reports**<br>Party with burden of proof:<br>Rebuttal: | <br>January 1, 2019<br>February 1, 2019 |
| **Discovery Deadline** | March 1, 2019 |
| **Dispositive and Daubert Motions** | April 1, 2019 |
| **Trial Term Begins** | July 2019 |
| **Estimated Length of Trial** [trial days] | 4 to 5 days |

| | |
|---|---|
| **Jury / Non-jury** | Non-Jury |
| **Mediation** <br> Deadline: <br> Mediator: Richard Joyce, Esq. <br> Address: Central Florida Mediators, LLC, <br>        26336 State Road 19, Suite 2 <br>        Howey In the Hills, FL 34737-3031 <br> Tel:    (407) 697-6156 | March 1, 2019 |
| **All Parties Consent to Proceed Before Magistrate Judge** | Plaintiff: No <br> Defendants: Yes |

**I.  Meeting of Parties**

Lead counsel shall meet in person or, upon agreement of all parties, by telephone. (If all parties agree to conduct the case management conference by telephone, they may do so without filing a motion with the Court.) Pursuant to Local Rule 3.05(c)(2)(B) or (c)(3)(A), a telephonic meeting was held on July 17, 2018, at 5:30 pm and was attended by:

| Name: | Counsel for (if applicable): |
|---|---|
| Brandon W. Banks, Esq. | Plaintiffs |
| Brian M. Walsh, Esq. | Plaintiffs |
| Phil D'Aniello, Esq. | Defendants |

**II.  Preliminary Pretrial Conference**

Local Rule 3.05(c)(3)(B) provides that preliminary pretrial conferences are mandatory in Track Three cases.

**Track Two cases**: Parties do <u>not</u> request a preliminary pretrial conference before entry of a Case Management and Scheduling Order in this Track Two case. Unresolved issues to be addressed at such a conference include: <u>None.</u>

**III.  Pre-Discovery Initial Disclosures of Core Information**
      **Fed.R.Civ.P. 26(a)(1)(A) - (D) Disclosures**

The parties <u>agree</u> to exchange information described in Fed.R.Civ.P. 26(a)(1)(A) - (D) on or by <u>September 10, 2018</u>.

**IV.     Agreed Discovery Plan for Plaintiffs and Defendants**

  **A.     Certificate of Interested Persons and Corporate Disclosure Statement**

This Court makes an active effort to screen every case in order to identify parties and interested corporations in which the assigned judge may be a shareholder, as well as for other matters that might require consideration of recusal. Therefore, each party, governmental party, intervenor, non-party movant, and Rule 69 garnishee shall file and serve **within fourteen (14) days** from that party's first appearance a Certificate of Interested Persons and Corporate Disclosure Statement using the attached mandatory form. No party may seek discovery from any source before filing and serving a Certificate of Interested Persons and Corporate Disclosure Statement. All papers, including emergency motions, are subject to being denied or stricken unless the filing party has previously filed and served its Certificate of Interested Persons and Corporate Disclosure Statement. <u>Any party who has not already filed and served the required certificate is required to do so **immediately**</u>.  Each party has a continuing obligation to file and serve an amended Certificate of Interested Persons and Corporate Disclosure Statement within eleven days of 1) discovering any ground for amendment, including notice of case reassignment to a different judicial officer; or 2) discovering any ground for recusal or disqualification of a judicial officer. A party should not routinely list an assigned district judge or magistrate judge as an "interested person" absent some non-judicial interest.

  **B.     Discovery Plan/Deadline**

The parties shall not file discovery materials with the Clerk except as provided in Local Rule 3.03. The Court encourages the exchange of discovery requests on diskette. <u>See</u> Local Rule 3.03 (e). In propounding and responding to discovery, the parties are directed to consult and comply with the Federal Rules of Civil Procedure, the Local Rules of the United States District

Court for the Middle District of Florida, and the Middle District of Florida's Discovery Handbook. Each party shall timely serve discovery requests so that the rules allow for a response prior to the discovery deadline. The Court may deny as untimely all motions to compel filed after the discovery deadline. In addition, the parties agree as follows:

The parties agree to exchange all discovery via email and/or dropbox (or similar service) and all discovery requests shall be accompanied by a Microsoft Word (.doc) version of the request.

### C. Confidentiality Agreements/Motions to File Under Seal

Whether documents filed in a case may be filed under seal is a separate issue from whether the parties may agree that produced documents are confidential. The Court is a public forum, and disfavors motions to file under seal. The Court will permit the parties to file documents under seal only upon motion and order entered under Local Rule 1.09.

The parties may reach their own agreement (without Court endorsement) regarding the designation of materials as "confidential." The Court discourages unnecessary stipulated motions for a protective order. The Court will enforce appropriate stipulated and signed confidentiality agreements. See Local Rule 4.15. Each confidentiality agreement or order shall provide, or shall be deemed to provide, that "no party shall file a document under seal without first having obtained an order granting leave to file under seal on a showing of particularized need." With respect to confidentiality agreements, the parties agree as follows:

If either party identifies confidential documents to be exchanged in discovery, then the parties agree to first try to reach a stipulation regarding same prior to involving this Court.

    **D.**    **Disclosure or Discovery of Electronically Stored Information and Assertion of Claims of Privilege**

Pursuant to Fed.R.Civ.P. 26(f)(3), the parties have made the following agreements regarding the disclosure and discovery of electronically stored information as well as the assertion of claims of privilege or protection of trial preparation materials after production:

<u>To the extent that there is any electronic discovery to be exchanged, the parties agree to exchange same in native format, unless either party requests the electronically stored information be produced in a different format.</u>

**V.**    **Mediation**

Absent a Court order to the contrary, the parties in every case will participate in Court-annexed mediation as detailed in Chapter Nine of the Court's Local Rules. The parties have agreed on a mediator from the Court's approved list of mediators as set forth in the table above, and have agreed to the date stated in the table above as the last date for mediation. The list of mediators is available from the Clerk, and is posted on the Court's web site at www.flmd.uscourts.gov. If the parties do not so designate, the Court will designate the mediator and the deadline for mediation.

**VI.**    **Requests for Special Handling**

Requests for special consideration or handling (requests may be joint or unilateral): <u>None.</u>

Date:  July 18, 2018

Signature of Counsel (with information required by Local Rule 1.05(d)) and Signature of Unrepresented Parties.

| | |
|---|---|
| /s/ *Phil A. D'Aniello* <br> Phil A. D'Aniello, Esq. <br> Florida Bar No. 0115525 <br> Fassett, Anthony & Taylor, PA <br> 1325 W. Colonial Drive <br> Orlando, Florida 32804 <br> Ph.: (407) 872-0200 <br> Fx.: (407) 422-8170 <br> Email: pdaniello@fassettlaw.com <br> Secondary email: tsadaka@fassettlaw.com <br><br> Attorney for Defendants | */s/ Brandon W. Banks* <br> Brandon W. Banks, Esq. <br> Florida Bar No.: 587461 <br> Brian M. Walsh, Esq. <br> Florida Bar No.: 10968 <br> Walsh Banks Law <br> P.O. Box 2271 <br> Orlando, Florida 32802 <br> Ph: (407) 259-2426 <br> Fx: (407) 391-3626 <br> Email: brandon.banks@walshbanks.com <br> Email: brian.walsh@walshbanks.com <br> Secondary email: service@walshbanks.com <br><br> Attorney for Plaintiffs |

## CERTIFICATE OF SERVICE

I hereby certify that on July 18, 2018, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will electronically send a copy of the foregoing to counsel for Defendant, Phil A. D'Aniello, Esq. (service info listed above).

*/s/ Brandon W. Banks*
Brandon W. Banks, Esq.,
Trial Counsel
Florida Bar No.: 587461